UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE, TENNESSEE

| | | |
|---|---|---|
| FIRST HORIZON BANK, | § | |
| | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| KIM CAMERA, AND | § | |
| ARTHUR CAMERA III, | § | |
| AS SUCCESSORS IN TRUST | § | |
| UNDER THE | § | |
| LIPINSKI FAMILY LIVING TRUST | § | |
| DATED FEBRUARY 17, 1997, | § | |
| AS RESTATED ON MARCH 28, 2013, | § | |
| | § | |
| KEVIN M. LIPINSKI, | § | |
| AS SUCCESSOR IN TRUST | § | |
| UNDER THE | § | |
| LIPINSKI SURVIVOR'S TRUST | § | |
| DATED FEBRUARY 17, 1997, | § | |
| AND ANY AMENDMENTS THERETO, | § | |
| | § | |
| KEVIN M. LIPINSKI, | § | |
| | § | |
| JOSEPH MICHAEL LIPINSKI, | § | |
| | § | |
| STEVEN LIPINSKI, | § | |
| | § | |
| KIM CAMERA, | § | |
| | § | |
| ARTHUR CAMERA III, | § | |
| | § | |
| NINA DEPONTE, and | § | |
| | § | |
| KELLI LIPINSKI, | § | |
| | § | |
|     Defendants. | § | |

COMPLAINT IN INTERPLEADER

Plaintiff First Horizon Bank ("First Horizon"), for its Complaint In Interpleader, states:

PARTIES

1. First Horizon is a Tennessee chartered bank with its principal place of business in Memphis, Tennessee.

2. Defendant Kim Camera ("Ms. Camera") and Arthur Camera III ("Mr. Camera," and collectively with Ms. Camera the "Cameras"), are successors in trust under the Lipinski Family Living Trust Dated February 17, 1997, as restated on March 28, 2013 (the "Family Trust"), which is a trust created under the laws of the State of Connecticut. The Family Trust may be served with process through its successors in trust the Cameras at their respective addresses set forth below.

3. Defendant Kevin M. Lipinski ("Kevin Lipinski") is successor in trust under the Lipinski Survivor's Trust Dated February 17, 1997 (the "Survivor Trust"), which is a trust created under the laws of the State of Connecticut. The Survivor Trust may be served through its successor in trust Kevin Lipinski at the address set forth below.

4. Defendant Kevin Lipinski is a resident of the State of Connecticut. He may be served with process at 10 Stanford Lane, North Haven, CT 06473.

5. Defendant Joseph Michael Lipinski ("Joseph Lipinski") is a resident of the State of Maine. He may be served with process at 269 Cody Road, Augusta, ME 04330.

6. Defendant Steven Lipinski is a resident of the State of Maine. He may be served with process at 34 Maple Street, Ellsworth, ME 04605.

7. Defendant Kim Camera is a resident of the State of Washington. She may be served with process at 215 100th Street SW, Apt. D104, Everett, WA 98204.

8. Defendant Arthur Camera III is a resident of the State of Connecticut. He may be served with process at 16 Captains Walk, Clinton, CT 06413.

9. Defendant Nina Deponte (collectively with Kevin Lipinski, Joseph Lipinski, Steven Lipinski, Kim Camera, and Arthur Camera III, the "Individual Defendants") is a resident of the State of Connecticut. She may be served with process at 26 Cherry Street, Branford, CT 06045.

10. Defendant Kelli Lipinski (collectively with Kevin Lipinski, Joseph Lipinski, Steven Lipinski, Kim Camera, Arthur Camera III, and Nina Deponte, the "Individual Defendants") is a resident of the State of Connecticut. She may be served with process at 10 Stanford Lane, North Haven, CT 06473.

11. First Horizon has not named any contingent beneficiaries as Defendants in this matter under the theory that the other Defendants are better positioned to identify and include them, if necessary, in this litigation as it proceeds. In the alternative, if the Court deems it proper, and upon its direction, First Horizon will take any required steps (including the incurrence of related additional costs and expenses) to identify such contingent beneficiaries, amend this Complaint by naming each as a Defendant, and then seeking to serve process upon them.

## JURISDICTION AND VENUE

12. This Court has original subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1332, 1335(a)(1). Complete diversity of citizenship exists between First Horizon and the Defendants, and more than $75,000.00 is in controversy, exclusive of interest and costs.

13. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2). The Family Trust as amended and restated on March 28, 2013 was executed in Greene County, Tennessee, as well as the related certificate of trust. Additionally, the funds First Horizon is

holding that are the subject of this Complaint are for the account of the Family Trust, with an address noted by the Family Trust at account opening of 348 Viking Place, Greeneville, TN 37745.

FACTS

14. Upon information and belief, Joseph F. Lipinski, Jr. and Diane L. Lipinski ("Mr. and Mrs. Lipinski") created the Family Trust, which was amended on June 15, 2001, amended and restated on October 2, 2007, and amended and restated on March 28, 2013.

15. Mr. and Mrs. Lipinski opened a bank account with First Horizon (the "Account") in the name of the Family Trust on May 17, 2012. The account was opened in the name "Joseph F. Lipinski, Jr. or Diane L. Lipinski, Trustees of the Lipinski Family Living Trust UAD 06/15/2001" with an address in Greeneville, Tennessee.

16. At the time Mr. and Mrs. Lipinski opened the Account, a certificate of trust was provided to First Horizon referencing the original trust date of February 17, 1997 and the amendment dated June 15, 2001. First Horizon was not made aware of the October 2, 2007 trust amendment at the time of Account opening.

17. First Horizon was not provided with a copy of the March 28, 2013 amendment and restatement of the Family Trust until recently, after the passing of Mr. and Mrs. Lipinski.

18. Upon information and belief, Mrs. Lipinski died on April 28, 2014.

19. First Horizon has been informed by certain potential beneficiaries of the Survivor Trust and/or Family Trust and their counsel that the relevant documents provide that the surviving trustee was to divide the corpus into a survivor's share and a family share at the time of the other trustee's death.

20. Although Mrs. Lipinski passed away in 2014, First Horizon was not aware of her passing until several years later.

21. Upon information and belief, Mr. Lipinski died on February 29, 2020.

22. First Horizon did not receive instructions from Mr. Lipinski during his lifetime that the Account was to be divided into a survivor share and family share, or that the Account was to be placed in the name of the Survivor Trust instead of the Family Trust.

23. First Horizon was not provided with a copy of the Survivor Trust during Mr. Lipinski's lifetime.

24. The name of the account holder with respect to the Account remained "Joseph F. Lipinski, Jr. or Diane L. Lipinski, Trustees of the Lipinski Family Living Trust UAD 06/15/2001" through the passing of both Mr. and Mrs. Lipinski.

25. First Horizon has been asked by beneficiaries of the Survivor Trust and/or Family Trust and their counsel to decide the legal effect of Mrs. Lipinski predeceasing Mr. Lipinski and what impact same had on the entitlement of the various potential beneficiaries therein to the monies held in the Account.

26. Each Individual Defendant could potentially be entitled to a portion of the monies held in the Account, depending on which trust document or amendment governed at the relevant times and depending on the impact the passing of Mr. and Mrs. Lipinski had on same.

27. By reason of the conflicting claims of the Individual Defendants, First Horizon is in doubt as to who is entitled to possess or receive the sums held in the Account.

28. First Horizon acknowledges that the sums held in the Account should be paid and expressly disavows any ownership interest in the Account. Therefore, contemporary with the filing of this Complaint In Interpleader, First Horizon is filing a motion seeking permission to deposit with the Clerk of the United States District Court for the Eastern District of Tennessee the full amount of the account in the amount of $548,739.72 (as of January 7, 2022), along with

applicable interest, less First Horizon's attorneys' fees and costs incurred thus far, pursuant to the Bank Depositor Agreement (described below).

29. The Bank Depositor Agreement governs First Horizon's and depositor's rights and obligations with respect to the Account. A copy of the Bank Depositor Agreement is attached hereto as **Exhibit A**.

30. Specifically, the Bank Depositor Agreement currently in effect provides that the depositor "will be liable for our costs as well as for our reasonable attorneys' fees, to the extent permitted by law, whether incurred as a result of collection or in any other dispute involving your account. This includes, but is not limited to, disputes between you and another joint owner; you and an authorized signer or similar party; or a third party claiming an interest in your account. This also includes any action that you or a third party takes regarding the account that causes us, in good faith, to seek the advice of an attorney, whether or not we become involved in the dispute. All costs and attorneys' fees can be deducted from your account when they are incurred, without notice to you." **Exhibit A**, p. 2.

31. The Bank Depositor Agreement also provides that the depositor shall be generally responsible for First Horizon's fees and expenses to respond to any legal action (including attorneys' fees). **Exhibit A**, p. 5. A related Motion for Attorney's Fees and Expenses is being filed by First Horizon contemporaneously herewith.

CLAIM FOR INTERPLEADER

32. Pursuant to Federal Rule of Civil Procedure 10(c), First Horizon hereby incorporates the allegations of Paragraph 1 through 31 above as if set forth fully herein.

33. The competing claims of the Individual Defendants are such that First Horizon is or may be exposed to double or multiple liability related to the Account.

34. The Individual Defendants should, therefore, be compelled to interplead their respective claims, and First Horizon should be discharged by the Court of any further obligation to pay any monies from the Account to any Defendant and should be dismissed from this case with prejudice. First Horizon should also be awarded its costs and expenses (including attorney's fees and expenses) that relate to the instant action and otherwise to the Account.

WHEREFORE, First Horizon prays for the following:

1. Pursuant to Federal Rule of Civil Procedure 22, Defendants be required to interplead and settle between themselves their respective rights to the funds held in the Account as a result of Mr. and Mrs. Lipinski's passing.

2. First Horizon be granted permission to deposit with the Clerk the amount of $548,739.72 (as of January 7, 2022), representing the full value of the Account at issue in this case, along with applicable interest.

3. Upon its application for its costs and expenses (including attorney's fees and expenses), followed by a related Order, First Horizon be paid the applicable amounts by the Clerk of Court from the amount deposited.

4. First Horizon be discharged from any further liability under the Account, be dismissed with prejudice from this matter, and be allowed to recover costs and expenses incurred beyond the amount withheld from the deposit set forth above, pursuant to the Bank Depositor Agreement, including reasonable attorneys' fees.

5. The Court enter an order permanently enjoining and restraining Defendants and any other person unidentified at this time who has made a claim or who may make a claim to the interpleaded funds from taking any action or commencing or continuing any proceeding against First Horizon relating to the interpleaded funds or the Account.

6. First Horizon be awarded any and all other relief that the Court deems appropriate.

Respectfully submitted,

/s/ Brent B. Young
Brent B. Young (BPR No. 019667)
Ronald S. Range, III (BPR No. 033499)
BAKER, DONELSON, BEARMAN,
 CALDWELL & BERKOWITZ, P.C.
602 Sevier Street, Suite 300
Johnson City, Tennessee 37604
Telephone: (423) 928-0181
Facsimile: (423) 979-7657
byoung@bakerdonelson.com
trange@bakerdonelson.com

*Attorneys for Plaintiff*
*First Horizon Bank*