UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| FIRST HORIZON BANK, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | 2:22-CV-00003-CEA |
| | ) | |
| vs. | ) | |
| | ) | |
| KIM CAMERA, et al., | ) | |
| | ) | |
| Defendants | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff in interpleader First Horizon Bank ("First Horizon") filed a Motion to Deposit Account Proceeds into the Registry of the Court, to Dismiss/Discharge Plaintiff, and for Payment of Attorney's Fees and Expenses to Plaintiff [Doc. 3] and a Supplemental Motion to Deposit Funds and for Hearing [Doc. 38]. Defendants have not opposed Plaintiffs' Motion. This matter is before the Court pursuant to 28 U.S.C. § 636(b) and the standing orders of the District Court for a Report and Recommendation and is now ripe for resolution. For the reasons stated herein, the undersigned recommends Plaintiff's Motion to Deposit Account Proceeds into the Registry of the Court, to Dismiss/Discharge Plaintiff, and for Payment of Attorney's Fees and Expenses to Plaintiff [Doc. 3] be **GRANTED in part and DENIED in part** and Plaintiff's Supplemental Motion to Deposit Funds and for Hearing [Doc. 38] be **GRANTED in part and DENIED as moot in part**.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

This action arises from a dispute over who should receive the funds in a bank account in the name of the Lipinski Family Living Trust ("the Lipinski Trust") held in an account at First Horizon Bank. The Lipinski Trust was created under the laws of the State of Connecticut on

February 17, 1997, was amended on June 15, 2001, and was then amended and restated on October 2, 2007, and on March 28, 2013 [Doc. 8, pp.2, 4]. The bank account in question was originally opened on May 17, 2012, in the name "Joseph F. Lipinki ("Mr. Lipinski") or Diane L. Lipinski ("Mrs. Lipinski"), Trustees of the Lipinski Family Living Trust UAD 6/15/2001" (hereinafter referred to as "the Account"). *Id.* at p. 4. First Horizon was presented with a certificate of trust referencing the original trust date of February 17, 1997, and the amendment dated June 15, 2001, when the Account was opened. *Id.* First Horizon states that it was unaware of the trust amendment dated October 2, 2007, at the time the Account was opened. *Id.* Additionally, First Horizon says that it was not provided with a copy of the amendment dated March 28, 2013 and restatement of the Lipinski Trust until recently, and after the passing of both Mr. and Mrs. Lipinski. *Id.* at pp. 4-5.

First Horizon states, upon information and belief, that Mrs. Lipinski died on April 28, 2014, but First Horizon was not notified of her death until several years later. *Id.* First Horizon also states, upon information and belief, that Mr. Lipinski died on February 29, 2020. *Id.* at p. 5. First Horizon has now been informed by certain potential beneficiaries of the Lipinski Trust and their counsel that relevant documents provide that the surviving trustee was to divide the corpus into a survivor's share and a family share at the time of Mrs. Lipinski's death. *Id.* at pp. 4-5. However, despite Mrs. Lipinski's passing in 2014, First Horizon did not receive any instructions from Mr. Lipinski during his lifetime regarding dividing the account into a survivor share and family share nor to place the account in the name of the Survivor Trust instead of the Family Trust. *Id.* at p. 5. Further, First Horizon advises that it was not provided with a copy of the Survivor Trust during Mr. Lipinski's lifetime. *Id.* Additionally, certain potential beneficiaries have raised issues regarding the validity

of the various purported amendments and restatements made to the original Trust. [Doc. 33, p. 5-7; Doc. 34, p. 8-13; Doc. 35, p. 6; Doc. 37. P. 4, 6-8].

First Horizon has been asked by beneficiaries of the Lipinski Family Trust and/or Survivor Trust and their counsel to determine the legal effect of Mrs. Lipinski predeceasing Mr. Lipinski and what impact this had on the entitlement of various potential beneficiaries therein to the monies held in the Account at issue. *Id.* Each individual Defendant could be entitled to a portion of the monies held in the Account, depending on which trust document or amendment controlled at the relevant time and depending on the impact of the timing of Mr. and Mrs. Lipinski's deaths. First Horizon acknowledges that the sums held in the Account should be paid and expressly disavows any interest in the Account. *Id.* at p. 6. However, because of the conflicting claims of the individual Defendants, First Horizon is in doubt as to who is entitled to possess or receive the sums held in the Account. *Id.* at p. 5. First Horizon now requests the following: (1) that the Court allow it to deposit with the Clerk of Court the full value of the Account at issue in this case; (2) that the Court award First Horizon its costs and expenses, including attorney's fees, to be paid from the amount deposited; (3) that the Court enter an order directing the Clerk of Court upon receipt of the balance of the Account at issue to issue a check from the deposited proceeds in favor of Baker, Donelson, Bearman, Caldwell & Berkowitz, PC for attorney's fees and expenses in the amount of $14,406.00; and (4) that the Court discharge First Horizon from any further liability under this Account and dismiss First Horizon with prejudice from this matter.

II. **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 22 provides that "[p]ersons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead [their claims]." Fed. R. Civ. P. 22(a)(1). "Interpleader is an equitable proceeding that 'affords a party

who fears being exposed to the vexation of defending multiple claims to a limited fund or property that is under his control a procedure to settle the controversy and satisfy his obligation in a single proceeding.'" *Lindenberg v. Jackson Nat'l Life Ins. Co.*, 912 F.3d 348, 355 (6th Cir. 2018) (quoting *United States v. High Tech. Prods., Inc.*, 497 F.3d 637 641 (6th Cir. 2007)).

> In a typical interpleader case, a party owes money but doesn't know whom to pay. So it sues the potential claimants—all parties who might have a legitimate claim against it for the money. The real contest is between the claimants; the interpleader plaintiff usually doesn't care who wins. To that end, the court will often order the plaintiff to deposit the disputed funds with the court and dismiss it from the case entirely. Then the court sorts out the various claims to the money and distributes the funds.

*United of Omaha Life Ins. Co. v. Kay*, 844 F. App'x 863, 864 (6th Cir. 2021).

### III. ANALYSIS

First Horizon has expressly disavowed any interest in the monies in the Account and as such is a disinterested stakeholder. The real dispute over who should inherit the sums in the Account, $548,764.97 as of April 8, 2022, [Doc. 38, p. 2] properly lies between the Defendants and is demonstrated by their various crossclaims and counterclaims. *See* [Docs. 26, 34, 36, 37, 39, 40, 41]. The funds in the Account are limited and may be deposited into the Court's registry. Once First Horizon no longer controls the funds in the Account, its obligation will be satisfied and will no longer need to be a party to this action[1].

First Horizon has also requested attorney's fees and expenses in the amount of $14,406.00. [Doc. 3, p. 2]. Although Rule 22 does not contain an express reference to costs or attorney's fees, the court may, in its discretion, award costs and attorney's fees to the stakeholder in an interpleader

---

[1] Defendant, Steven Lipinski, is legally incompetent and Defendant, Kevin Lipinski, serves as his guardian. [Doc. 42, pp. 1-2]. It appears that the interests Defendants Steven Lipinski and Kevin Lipinski in this action are likely opposed to one another. *Id.* As such, before the Court could act on First Horizon's motion a Guardian Ad Litem had to be appointed for Defendant Steven Lipinski to provide him with a meaningful opportunity to respond to the motion if he so chose. *Id.*

action "whenever it is fair and equitable to do so." *Holmes v. Artists Rts. Enf't Corp.*, 148 F. App'x 252, 259 (6th Cir. 2005). "An interpleading party is entitled to recover costs and attorney's fees when it is (1) a disinterested stakeholder, (2) who has conceded liability, (3) has deposited the disputed funds into court, and (4) has sought a discharge from liability." *Id.* The fees and costs awarded must be reasonable, and "it is at the discretion of the Court to determine what award is appropriate." *Id.*

First Horizon has met the criteria for an award of attorney's fees. As previously stated, First Horizon has demonstrated it is a disinterested party. Additionally, First Horizon has conceded liability as the entity in control of the Account and has asked to deposit the disputed funds into the Court registry so that it may be discharged from that liability. Additionally, the Bank Depositor Agreement [Doc. 1-1] entitles First Horizon to attorney's fees. The Bank Depositor Agreement states that the depositor "will be liable for [First Horizon's] costs as well as for [First Horizon's] reasonable attorney's fees, to the extent permitted by law, whether incurred as a result of collection or in any other dispute involving your account. This includes, but is not limited to, disputes between you and another joint owner; you and an authorized signer or similar party; or a third party claiming an interest in your account. This also includes any action that you or a third party takes regarding the account that causes us, in good faith, to seek the advice of an attorney, whether or not we become involved in the dispute. All costs and attorney's fees can be deducted from your account when they are incurred, without notice to you." [Doc. 1-1, p.2].

While the Court finds that First Horizon is entitled to some award of attorney fees the question then becomes the reasonable amount to be awarded. While First Horizon has included an Affidavit of Attorney Brent B. Young [Doc. 3-1] setting forth the number of hours spent on this representation by several employees of the law firm Baker, Donelson, Bearman, Caldwell &

Berkowitz, P.C. ("Baker Donelson") and their corresponding hourly rates, the Affidavit does not include an itemized description of the tasks which were completed during the billed hours and does not include an itemized breakdown of expenses. The Affidavit states that Baker Donelson has exercised "billing judgment to exclude any hours which were duplicative, inefficient, or otherwise unnecessary." The Affidavit, completed on January 10, 2022, states that Baker Donelson has incurred fees and expenses totaling $12,406.00 through January 4, 2022, and "has generated, or will generate, related fees and expenses going forward in the approximate amount of $2,000.00." [Doc. 3-1]. Accordingly, the Affidavit concludes that reasonable attorney's fees and expenses in this case are not less than $14,406.00 and requests that this amount be paid from the assets in the Account. Given the posture of this case, without further explanation, the Court would be unable to find that attorney fees and costs in this amount were reasonable and necessary. As such, the Court recommends that Plaintiff's counsel be required to provide detailed billing records and that Defendants be provided with an opportunity to directly address the issue of the amount of attorney fees and costs Plaintiff seeks to be awarded. In fact, it may be preferable to hold the issue of what fees will be awarded in abeyance until the conclusion of the case but before the funds to be deposit.

## IV. CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** Plaintiff's Motion to Deposit Account Proceeds into the Registry of the Court, to Dismiss/Discharge Plaintiff, and for Payment of Attorney's Fees and Expenses to Plaintiff [Doc. 3] be **GRANTED in part and denied in part** and Plaintiff's Supplemental Motion to Deposit Funds and for Hearing [Doc. 38] be **DENIED as moot**. The undersigned further recommends that First Horizon be directed to deposit the funds in the Account in the Court's registry by a check made payable to the Clerk of this Court

in the full amount of the balance of the account, including all interest, and the Clerk shall accept such check and shall deposit the funds into the registry of the Court. Once the funds have been deposited, the undersigned recommends that First Horizon, as a disinterested stakeholder, be **DISMISSED WITH PREJUDICE** from this action and discharged from any liability regarding the Account at issue in this action. Lastly, the undersigned recommends that First Horizon's request for attorney's fees, costs, and expenses be **HELD IN ABEYANCE**. It is further recommended that before considering Plaintiff's request for fees and costs that its counsel be required to submit detailed billing and cost records and that Defendants have an opportunity to address the issue. Additionally, it is recommended that the fees and costs ultimately determined to be payable to Plaintiff be paid from the funds on deposit with the Court.[2]

                                          Respectfully Submitted,

                                          /s Cynthia Richardson Wyrick
                                          United States Magistrate Judge

---

[2] Objections to this Report and Recommendation must be filed within 14 days after service of this recommended disposition on the objecting party. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Fed. R. Civ. P. 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).